UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADOBE SYSTEMS INCORPORATED,

    Plaintiff,

    v.

JOSHUA CHRISTENSON, et al.,

    Defendants.

_____/

No. C 09-5169 PJH

**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TRANSFER**

Defendants' motion to dismiss the above entitled action for lack of personal jurisdiction or improper venue, or in the alternative, motion to transfer the case to the District of Nevada, came on for hearing before this court on February 10, 2010. Plaintiff appeared by its counsel Nichole L. Drey, and defendants appeared by their counsel Lisa Rasmussen. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motions to dismiss, and GRANTS the motion to transfer venue.

Plaintiff Adobe Systems Incorporated ("Adobe") filed this copyright and trademark infringement action against defendants Joshua Christenson ("Christenson")[1] and Software Surplus, Inc. ("SSI"). Adobe is a Delaware corporation, with its principal place of business is in San Jose, California. Christenson resides in Nevada, and is an officer of SSI, a

---

[1] Adobe sued Christenson as "Joshua Christenson, an individual and d/b/a softwaresurplus.com."

Nevada corporation. SSI owns and operates a website, www.softwaresurplus.com. Adobe asserts that defendants have been engaging in the unlawful and unauthorized distribution and use of Adobe's products in interstate commerce, through sales on the softwaresurplus.com website.

Defendants now seek an order dismissing the complaint, or, in the alternative, transferring the action to the District of Nevada. Defendants argue that the action must be dismissed because court lacks personal jurisdiction over them, and because venue is improper in this district under the general venue statue, 28 U.S.C. § 1391(b) (as to the trademark infringement claim), and also under the copyright venue statute, 28 U.S.C. § 1400 (as to the copyright infringement claim). In the alternative, defendants seek transfer to the District of Nevada under either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

With regard to personal jurisdiction, Adobe does not dispute that the court lacks general jurisdiction over defendants. Adobe does contend, however, that the court has specific jurisdiction. The court finds that under the standard applied in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1123-27 (W.D. Pa. 1997), this court has specific jurisdiction over SSI in California (though not over Christenson).

With regard to venue,[2] the court finds that Adobe has not established that venue is proper in this district as to Christenson. The showing with regard to SSI is less clear, but given Adobe's failure to establish that a substantial part of the events or omissions giving rise to the trademark infringement claim occurred in this judicial district, Adobe has arguably not established that venue is proper with regard to SSI under § 1391(b).

Similarly, the court finds that Adobe has not established that SSI "may be found" in

---

[2] Under the general venue statute, a civil action in which jurisdiction is not founded on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Under the copyright venue statute, a civil action arising under the copyright laws may be instituted in the district in which the defendant or his agent resides or may be found. 28 U.S.C. § 1400(a).

2

this district. Under § 1400(a), a defendant "may be found" in a particular district of a multi-district state only where its contacts with the particular district would support personal jurisdiction, without regard to the defendant's presence elsewhere in the state. See Columbia Pictures Television v. Krypton Broadcasting, 106 F.3d 284, 289 (9th Cir. 1997). Adobe has not made a showing sufficient to establish that SSI "may be found" in the Northern District of California.[3]

Accordingly, the court DENIES the motion to dismiss for lack of personal jurisdiction, DENIES the motion to dismiss for improper venue, and GRANTS the motion to transfer the case to the District of Nevada pursuant to 28 U.S.C. § 1406(a). Pursuant to Civil Local Rule 3-14, the transfer is effective 14 days after the date of filing of this order.

**IT IS SO ORDERED.**

Dated: March 8, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[3] At the hearing, counsel for Adobe for the first time raised the issue of jurisdictional discovery. The court does not consider this request, as it was not briefed in connection with Adobe's opposition to plaintiffs' motions.